IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| KALVIN WALKER | § | |
| v. | § | CIVIL ACTION NO. 6:13cv512 |
| DIRECTOR, TDCJ-CID | § | |

## MEMORANDUM ADOPTING REPORT AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE AND ENTERING FINAL JUDGMENT

The Petitioner Kalvin Walker, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of his conviction. This Court ordered that the matter be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Walker was convicted of sexual assault of a child in a trial before the court without a jury on April 23, 2008. On May 8, 2008, he was sentenced to 18 years in prison and a $10,000.00 fine. Walker's conviction was affirmed by the Twelfth Judicial District Court of Appeals. *Walker v. State*, slip op. no. 12-08-00258-CR, 2009 WL 1314227 (Tex.App.-Tyler, May 13, 2009, no pet.). Walker did not file a petition for discretionary review.

Three years after the affirmance of his conviction, on May 30, 2012, Walker filed a state habeas corpus petition, which was denied on August 8, 2012. He then filed his federal habeas petition on June 21, 2013.

Walker argues that he is actually innocent, he received ineffective assistance of counsel, and the prosecution committed misconduct by falsifying results from the DNA testing and withholding exculpatory evidence. The Respondent has filed a motion to dismiss arguing that the statute of limitations has expired, and Walker filed a reply stating that his claim of actual innocence allowed

him to surmount the limitations bar. *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013); *accord, Tamayo v. Stephens*, 740 F.3d 986, 990 (5th Cir. 2014) (properly supported claim of actual innocence can excuse the failure to comply with the statute of limitations). A "properly supported" claim of actual innocence requires a showing that in light of new evidence, no juror, acting reasonably, would have voted to find the petitioner guilty beyond a reasonable doubt. *McQuiggin*, 133 S.Ct. at 1928. Examples of such new reliable evidence include exculpatory scientific evidence, credible declarations of guilt by another person, trustworthy eyewitness accounts, or critical physical evidence which was not presented at trial. *House v. Bell*, 547 U.S. 518, 538 (2006).

Walker presented copies of DNA lab reports in support of his claim. The first of these, dated February 21, 2008, listed him as a suspect and stated that the vaginal swab is consistent with a mixture of Walker and the victim, and Walker and the victim could not be excluded as contributors. Samples from both Walker and the victim were tested in this report. The probability of selecting an unrelated person at random who could be a contributor is 1 in 180.3 billion for Caucasians, 1 in 245.9 millions for Blacks, and 1 in 107.2 billion for Hispanics.

The second DNA report, dated October 18, 2007, read "none listed" for the suspect, and said that the DNA profile from the sperm portion of the swab was consistent with a mixture from the victim and an unknown male. Only samples from the victim were tested in this report.

The third DNA report is dated January 2, 2008, and again lists no suspect. This report also determined that the DNA profile was consistent with a mixture from the victim and an unknown male. Only samples from the victim were tested in this report. Walker argued that the findings of "an unknown male" exonerates him as the perpetrator of the crime and shows that the first report was "falsified."

After review of the pleadings and records, the Magistrate Judge recommended that Walker's petition be dismissed as barred by limitations. The Magistrate Judge first set out the statute of limitations and observed that Walker's conviction became final at the expiration of his time to seek

discretionary review, on June 12, 2009. His limitations period began to run at that time and expired on Monday, June 14, 2010, absent the operation of other factors.

With regard to Walker's actual innocence claim, the Magistrate Judge stated that the evidence to which Walker points was not newly discovered; on the contrary, Walker told his counsel on direct appeal that he wanted to raise the allegedly false DNA report in his appeal. Thus, Walker knew about this evidence while his state direct appeal was pending, and it is not "newly discovered" under *McQuiggin* for purposes of seeking federal habeas corpus relief.

Furthermore, the Magistrate Judge stated that Walker failed to satisfy the "actual innocence" standard in that he did not show that no reasonable juror would have found him guilty in light of the DNA reports. The report listing him as a suspect confirmed that the vaginal swab found a mixture of his DNA and that of the victim, while the other report did not list a suspect and attributed the DNA to an "unknown male." The Magistrate Judge stated that there is nothing inconsistent in the fact that a report for which no suspect had been identified concluded that there was sperm from an unknown male, whereas a later report on which Walker was listed as a suspect confirmed that Walker's DNA had been found. Nor has Walker offered any other evidence to show that the DNA report was "falsified," or any basis upon which the statute of limitations should be equitably tolled.

Walker filed two sets of objections to the Magistrate Judge's Report. In the first of these, he says that the court record shows he is actually innocent of the conviction and sentence. Walker argues that the lab report naming him as a suspect was not "stamped by the lab," meaning it is not a certified record. He says that the lab report from January 2, 2008 shows that he and the victim were tested and the conclusion was that there was sperm from an "unknown male."

Walker offers nothing to show that this lab report, which was offered into evidence, was inadmissible. At trial, the proper foundation was laid for this report through the testimony of forensic scientist Kristi Link. (Reporter's Record, vol. IV, pp. 163-64). Walker is simply incorrect in asserting that the January 2, 2008 report shows that he was tested; this report states "none listed" for the suspect and does not mention Walker at all. On the contrary, this report states that the

victim's blood and vaginal swab were tested and that known specimens from the suspect should be submitted when apprehended. These objections fail to show that the Magistrate Judge erred.

In his second set of objections, Walker says that the February 2008 lab report stated that the date of offense was June 10, 2007, while the other two give the date of June 11, 2007. After repeating the claims from his first set of objections, he complains that this lab report was not disclosed in discovery in time to have the results examined and an independent expert evaluate these results. He also says that there was other evidence, such as public hairs and panties, which were not submitted for testing.

Walker offers nothing to support his contention that the lab report was not disclosed timely. The Fifth Circuit has held that "[a]bsent evidence in the record, a court cannot consider a habeas petitioner's bald assertions on a critical issue in his pro se petition (in state and federal court), unsupported and unsubstantiated by anything else contained in the record, to be of probative evidentiary value." *Ross v. Estelle*, 694 F.2d 1008, 1011-12 and n.2 (5th Cir. 1983); *see Koch v. Puckett*, 907 F.2d 524, 530 (5th Cir. 1990). Thus, Walker's claim lacks probative evidentiary value.

Even were it true that the lab report was not disclosed timely, this would amount to no more than a violation of state rules of procedure. The Fifth Circuit has held that the proper inquiry in a federal habeas corpus proceeding is not whether rights under state law have been violated; federal habeas corpus is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure. *Manning v. Warden, Louisiana State Penitentiary*, 786 F.2d 710, 711 (5th Cir. 1986). Where there has been a violation of state procedure, the proper inquiry is to determine whether there has been a constitutional infraction of the defendant's due process rights which would render the trial as a whole fundamentally unfair. *Id.* at 711-12. In this case, Walker has not shown that the alleged untimely production of the lab report amounted to a constitutional infraction of his due process rights so as to render his trial as a whole fundamentally unfair. The Court furthermore notes that Walker did not object to the admission of the lab report, rendering any challenge to its admissibility procedurally defaulted in any event. *Nunez v.*

*Quarterman*, 294 Fed. Appx. 104, 2008 WL 4345164 (5th Cir., September 24, 2008); *Cardenas v. Dretke*, 405 F.3d 244, 249 (5th Cir. 2005).

The one-day discrepancy in the alleged offense date on the lab reports does not show that the later report was "falsified," particularly in light of the fact that there was no objection to the report on this basis, nor any dispute that the three lab reports concerned the same incident. *See Spruill v. Holiday*, civil action no. 06-2373, 2007 WL 1752716 (W.D. La., April 26, 2007) (minor discrepancies in the dates of various statements and fingerprints were "clearly immaterial and insufficient to case doubt on petitioner's guilt given the additional and overwhelming evidence"). Walker's objection on this point is without merit.

Finally, Walker fails to show any relevance in the fact that there was other evidence which was not submitted for testing. Specifically, he offers nothing to show that had this other evidence been tested, it would have provided different results than the DNA tests which were actually conducted. A petitioner's speculation on what might have been discovered had additional tests been performed is not sufficient to set out a constitutional violation. *James v. Director, TDCJ-CID*, civil action no. 2:06cv342, 2009 WL 484987 (E.D.Tex., February 26, 2009), *aff'd by denial of certificate of appealability* December 10, 2009, *cert. denied*, 560 U.S. 911 (2010), *citing Lockhart v. McCotter*, 782 F.2d 1275, 1282 (5th Cir. 1986). Walker's objection on this basis is without merit. Because Walker fell well short of meeting the actual innocence standard, he has failed to invoke any valid exception to the statute of limitations, and the Respondent's motion to dismiss on that basis should be granted.

The Court has conducted a careful *de novo* review of the pleadings in the cause, the Report of the Magistrate Judge, and the Petitioner's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

**ORDERED** that the Petitioner's objections are overruled and the Report of the Magistrate Judge (Docket No. 15) is **ADOPTED** as the opinion of the District Court. It is further

**ORDERED** that the Respondent's motion to dismiss (Docket No. 13) is **GRANTED** and the above-styled application for the writ of habeas corpus be and hereby is **DISMISSED WITH PREJUDICE**. It is further

**ORDERED** that the Petitioner Kalvin Walker is hereby **DENIED** a certificate of appealability *sua sponte*. Finally, it is

**ORDERED** that any and all motions which may be pending in this action are hereby **DENIED.**

**So ORDERED and SIGNED this 4th day of August, 2014.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**